UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 27 2016 ★
BROOKLYN OFFICE

------------------------------------------------------------x

TOPNOTCH TENNIS TOURS, LLC d/b/a Grand
Slam Tennis Tours,

                Plaintiff,

-against-

GLOBAL TENNIS CONNECTIONS LIMITED,

                Defendant.

------------------------------------------------------------x

**MEMORANDUM AND ORDER**

13-cv-4844 (SLT) (VMS)

**TOWNES, United States District Judge:**

On August 28, 2013, Plaintiff Topnotch Tennis Tours, LLC filed a complaint against Defendant Global Tennis Connections Limited alleges breach of contract. (Compl., ECF No. 1.) Defendant subsequently moved to dismiss the case for lack of jurisdiction. (ECF No. 11.) On November 14, 2014, the Court denied this motion. (Memo. and Order, ECF No. 14.) On September 28, 2015, the Court denied Defendant's motion to reconsider the denial of its motion to dismiss the case for lack of jurisdiction. (Memo. and Order, ECF No. 45.) Defendant then missed its deadline to respond to the Complaint. On October 21, 2015, the Clerk of Court executed and filed a Certificate of Default against Defendant. (ECF No. 47.) On October 28, 2015, Plaintiff filed a motion seeking a default judgment against Defendant. (ECF No. 48.) The Court subsequently referred the default judgment motion to Magistrate Judge Vera M. Scanlon ("Judge Scanlon") for a report and recommendation. (ECF No. 53.)

On March 30, 2016, Judge Scanlon filed and served via ECF a Report and Recommendation ("R&R") recommending that Plaintiff's default motion be granted finding Defendant liable to Plaintiff for breach of contract, and that judgment be entered against Defendant in the amount of $253,986.50 in compensatory damages, $400 in costs, and pre- and post-judgment interest as calculated therein. (Report and Recommendation, ECF No. 54.) Written objections to the R&R were due by April 18, 2016. 28 U.S.C. § 636(b)(1)(C). To date, no objections have been filed and no party has requested an extension of time in which to do so.

1

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Even when no objections are filed, however, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

Although not required to do so, this Court has reviewed Judge Scanlon's R&R for clear error on the face of the record. The Court finds no clear error and, therefore, adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## CONCLUSION

For the reasons stated above, Judge Scanlon's March 30, 2016 R&R, recommending that Plaintiff's default motion be granted and finding Defendant liable to Plaintiff for breach of contract, is adopted in its entirety. The Clerk of Court is directed to enter a Judgment against Defendant in the amount of $253,986.50 in compensatory damages, $400 in costs, $55,550.73 in pre-judgment interest up to and including the date that the instant motion was filed, October 28, 2015, $62.63 per day in pre-judgment interest from October 29, 2015 to the date judgment is entered, and post-judgment interest to be calculated pursuant to 28 U.S.C. § 1961(a). The Clerk of Court is also directed to close this case and mail a copy of this Memorandum and Order to Defendant at the email addresses listed for Defendant's individual directors in ECF docket entries 42 and 44.

**SO ORDERED.**

/s/ *Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge

Dated: May 25, 2016
Brooklyn, New York